**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **C4CAST.COM, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**BLOCKBUSTER, L.L.C. AND DISH NETWORK CORPORATION,**<br><br>Defendants. | **Civil Action No.2:12-cv-272**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which c4cast.com, Inc. ("c4cast" or "Plaintiff") makes the following allegations against Blockbuster, L.L.C. ("Blockbuster") and Dish Network Corporation. ("Dish") (collectively "Defendants"):

**PARTIES**

1. Plaintiff c4cast.com, Inc. is a Delaware corporation having a principal place of business of 750 E. Walnut St., Pasadena, California 91101.

2. On information and belief, Defendant Blockbuster is a limited liability company organized and existing under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Boulevard, Englewood, CO 80112.

3. On information and belief, Defendant Dish is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 9601 South Meridian Boulevard, Englewood, CO 80112.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,958,204

7. Plaintiff is the owner by assignment of United States Patent No. 7,958,204 ("the '204 Patent") entitled "Community-Selected Content." The '204 Patent issued on June 7, 2011. A true and correct copy of the '204 Patent is attached as Exhibit A.

8. Upon information and belief, Defendants have been and are now infringing the '204 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale apparatuses and systems and providing methods practiced on Defendants' various websites (including, without limitation,

http://www.blockbuster.com and related internal systems supporting the operation of said websites) for maintaining a collection of resources, assigning points to individual resources based on amount of participant access, and modifying the collection based on the points assigned to the resources covered by one or more claims of the ’204 Patent to the injury of c4cast. Defendants are directly infringing, literally infringing, and/or infringing the ’204 Patent under the doctrine of equivalents. Defendants are thus liable for infringement of the ’204 Patent pursuant to 35 U.S.C. § 271.

9. Defendants have also been inducing infringement of the ’204 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) by intentionally and knowingly inviting and instructing the users of websites supported by Defendants’ software to perform the claimed methods and by supplying software modules or components used to directly infringe.

10. Defendants have also been contributing to the infringement of the ’204 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(c) by selling or offering to sell in the United States the software that powers the accused websites with knowledge that the software is especially made or adapted for use in a way that infringes. The software that Defendants provide is a significant part of the inventions of the claims of the ’204 Patent and has no significant non-infringing uses.

11. On information and belief, to the extent any marking was required by 35 U.S.C. §287, all predecessors in interest to the ’204 Patent complied with any such requirements.

12. To the extent that facts learned in discovery show that Defendants’ infringement of the ’204 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

13. As a result of Defendants' infringement of the '204 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

14. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '204 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '204 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '204 Patent, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendants pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '204 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

C4cast, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED May 7, 2012.

Respectfully submitted,

By: \s\ *Hao Ni*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni Law Firm, PLLC**
3102 Maple Ave. Suite 400
Dallas, TX 75201
Telephone: 214/800-2208
Fax: 214/880-2209

**ATTORNEYS FOR PLAINTIFF C4CAST.COM, INC.**